UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAMILLE JONES  
    Plaintiff,

Case No. 1:25-cv-433  
Litkovitz, M.J.

vs.

CITY OF CINCINNATI, *et al.*,  
    Defendants.

ORDER

    Plaintiff initially filed this action in the Court of Common Pleas for Hamilton County, Ohio. (Doc. 2). On June 26, 2025, defendants (the City of Cincinnati (the City), the City of Cincinnati Board of Health (the BOH), and Edward Herzig) removed the action to this Court. (Doc. 1). The matter is now before the Court on defendants' motion for judgment on the pleadings (Doc. 8), plaintiff's opposition (Doc. 9), and defendants' reply (Doc. 11); and plaintiff's related motion to remand (Doc. 10), to which defendants did not file a memorandum in opposition.[1]

### I. Background[2]

    Plaintiff is a physician and public health professional. From 2007 to 2019, she served as an Assistant Health Commissioner for the Cincinnati Department of Health (CDH). She currently serves on the board of the City of Cincinnati Primary Care Board (PCB), which administers the City's federally qualified health centers. The BOH is a political subdivision of the State of Ohio (Ohio Rev. Code § 3709) that has authority over public health in the City and is responsible for appointment of the CDH's Health Commissioner. Plaintiff "attends BOH

---

[1] Defendants acknowledge plaintiff filed this motion and refer to it in their reply in support of their motion for judgment on the pleadings.
[2] The following is derived from plaintiff's complaint (Doc. 2).

meetings as one of the non-voting board members between the [PCB] and the [BOH] to provide oversight and represent the interests of [the PCB]." (Doc. 2 at PAGEID 32, ¶ 4). Following Dr. Melba Moore's retirement in January 2022, plaintiff was appointed to the BOH's Search Committee for the CDH's new Health Commissioner. The Search Committee was active between 2002-23. Defendant Herzig, a member of the BOH, served as Chair of the Search Committee. Defendant Herzig met with the City's human resources and legal departments regarding the search—telling the Chair of the BOH that he would handle the administrative aspects of the search.

There were three qualified internal candidates for an interim Health Commissioner position: Domonic Hopson (a black male), Dr. Maryse Amin (a woman of Egyptian ancestry), and Dr. Grant Mussman (a white male). In February 2022, defendant Herzig met with each candidate individually regarding his/her interest. Defendant Herzig knew Mr. Hopson and Dr. Amin were interested in the permanent Health Commissioner position, and he told them during their meetings that such interest precluded them from consideration for the interim role. At Dr. Mussman's meeting, defendant Herzig encouraged him to apply for the interim position.

According to the BOH meeting minutes from several days after those meetings, "[i]t was decided by the [BOH] that no one who would possibly apply for [the permanent Health Commissioner] position[ ] would be interim commissioner." (*Id.* at PAGEID 34, ¶ 21). Based on this policy, defendant Herzig advanced only Dr. Mussman for the interim Health Commissioner role, and the BOH appointed Dr. Mussman. Plaintiff alleges that this policy—prohibiting an interim role candidate from being a permanent role candidate—was a pretext for

2

discrimination because it effectively excluded minority candidates from the interim Health Commissioner role. Plaintiff alleges that other City human resources personnel "were aware of and participated in the discriminatory interim appointment process." (*Id.*, ¶ 25[3]).

By July of 2022, Dr. Mussman emailed defendant Herzig to "'recuse himself' from the search process because he" now "intended to apply for the permanent [Health Commissioner] position. . . ." (*Id.*, ¶ 24[4]). Given Dr. Mussman's time as interim Health Commissioner, plaintiff alleges that he was the "point person" in the search process, had inside knowledge, and was able "to build relationships and demonstrate his capabilities"—giving him "significant advantages" as a candidate for the permanent Health Commissioner role. (*Id.* at PAGEID 35, ¶ 26).

Ultimately, the Search Committee recommended both Dr. Mussman and Dr. Amin for the permanent Health Commissioner role and was split three to two in favor of recommending Dr. Mussman. Despite "previous representations" of a "two-tier interview process" with the full BOH, the two permanent Health Commissioner candidates did not have a second interview. (*Id.* at PAGEID 35, ¶ 30). In January 2023, the BOH selected Dr. Mussman for the permanent Health Commissioner position.

Plaintiff alleges that she "raised concerns about the lack of transparency and bias in the process during the January 24, 2023" BOH meeting. (*Id.*, ¶ 34). On January 31, 2024, plaintiff filed a complaint with the Ohio Civil Rights Commissioner (OCRC) alleging discrimination in the CDH Health Commissioner hiring process. The OCRC understood plaintiff's complaint to have been filed on her own behalf, when it was actually filed on behalf of Mr. Hopson and Dr.

---

[3] The complaint contains duplicate paragraph numbers for ¶¶ 23, 24, and 25. (Doc. 2 at PAGEID 34). The Court quotes the first instance of paragraph 25 here.
[4] The Court quotes the second instance of paragraph 24 here.

Amin. Although plaintiff initially filed a petition for judicial review of that determination in the Hamilton County, Ohio Court of Common Pleas, she dismissed that action and opted to file the pending complaint.

Based on the foregoing, plaintiff alleges the following claims:

- Count I: a violation of Ohio Rev. Code § 4112.02 based on defendants' discriminatory hiring process.

- Count II: a violation of the Equal Protection clause of the Fourteenth Amendment (42 U.S.C. § 1983) related to the disparate treatment of minority candidates in the hiring process.

- Count III: a conspiracy under 42 U.S.C. § 1985 to deprive minority candidates Equal Protection under the Fourteenth Amendment.

- Count IV: the intentional infliction of emotional distress under Ohio law.

- Count V: the intentional interference with prospective business relations under Ohio law.

(*Id.* at PAGEID 36-38).

**II.      Legal standard**

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). Still, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting

*Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). Put differently, defendants are entitled to judgment under Rule 12(c) if "no material issue of fact exists and [they are] entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

To withstand a Rule 12(c) motion for judgment on the pleadings, like a Rule 12(b)(6) motion, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citation omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true; and "a formulaic recitation of the elements of a cause of action" is insufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to withstand a Rule 12(c) motion. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III. Analysis

Defendants argue first that plaintiff lacks Article III standing to bring her §§ 1983 and 1985 claims because, as her complaint makes clear, she was not the direct victim of the alleged constitutional violations. Defendants argue that plaintiff also lacks standing to bring her Ohio

Rev. Code § 4112.02 and state law tort claims because she did not suffer any injury—including discrimination.

Standing deficiencies aside, defendants argue that in his individual capacity, Dr. Herzig enjoys qualified immunity from plaintiff's § 1983 claim and statutory immunity from her state law tort claims. Defendants argue that Ohio Rev. Code § 4112 limits liability to employers, and Dr. Herzig is not an employer. Even if plaintiff overcame these other threshold deficiencies, defendants argue that plaintiff's complaint should be dismissed because it fails to allege plausible federal and state law claims.

In both her opposition to defendants' motion for judgment on the pleadings and her motion to remand the matter to state court, plaintiff concedes that she does not having standing to bring her §§ 1983 and 1985 claims. (*See* Doc. 9 at PAGEID 101 ("[The §§ 1983 and 1985] claims should be dismissed for lack of Article III standing. . . ."); Doc. 10 at PAGEID 113 ("Plaintiff lacks Article III standing for her federal claims. . . .")). Given this and the early stage of the proceedings, plaintiff argues that the Court should decline to exercise supplemental jurisdiction over the remaining claims. Later in her motion to remand, plaintiff argues that remand is *required* any time it is determined the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants removed this action pursuant to 28 U.S.C. § 1441(a) (i.e., federal question jurisdiction (*id.* at § 1331)). (Doc. 1 at PAGEID 1). Given plaintiff's Article III standing concession with respect to her federal claims, Counts II and III of her complaint will be

dismissed for lack of subject matter jurisdiction.[5] That leaves Counts I, IV, and V, plaintiff's state law claims.

Plaintiff's state law claims must be remanded to the state court, and not dismissed, because the Court cannot exercise supplemental jurisdiction over these claims. Where dismissal of a complaint's federal law claims is based on lack of subject matter jurisdiction, "supplemental jurisdiction can *never* exist." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). In *Musson*, the Sixth Circuit explained:

> A Rule 12(b)(1) [lack of subject-matter jurisdiction] dismissal postulates that there never was a valid federal claim. Exercise of jurisdiction on a theory of supplemental jurisdiction would therefore violate Article III of the Constitution, because the original federal claim would not have "substance sufficient to confer subject matter jurisdiction on the court." [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)]. *See also Bigelow v. Michigan Dep't of Natural Resources,* 970 F.2d 154, 159 (6th Cir. 1992) (dismissal for lack of ripeness equivalent to dismissal for lack of subject matter jurisdiction; state law claims cease to be properly supplemental). Obviously, a district court has no discretion to exceed the scope of its Article III power.

*Musson*, 89 F.3d at 1255. *See also Lawless v. Trinity Fin. Servs., LLC*, No. 1:19-cv-01017, 2024 WL 3455015, at *6 (S.D. Ohio July 18, 2024) (relying on *Musson* and holding that because the Court dismissed all federal claims for lack of standing or lack of subject matter jurisdiction, the remaining state law claims had to be resolved in state court), *aff'd sub nom. Lawless v. T. Fin. Servs., LLC*, No. 24-3735, 2025 WL 342810 (6th Cir. Jan. 30, 2025).

Given the foregoing, defendants' Rule 12(c) motion for judgment on the pleadings (Doc. 8) is **GRANTED in part** as to Counts II and III of plaintiff's complaint. Plaintiff's motion to remand the action (Doc. 10) is **GRANTED**, and this action is **REMANDED** to the Hamilton

---

[5] "Whether a party has standing is an issue of the court's subject matter jurisdiction. . . ." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017).

County, Ohio Court of Common Pleas for disposition of plaintiff's remaining state law claims.

    **IT IS SO ORDERED**.


Date: 11/25/2025

    Karen L. Litkovitz
    United States Magistrate Judge